# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 3, 2013

Lyle W. Cayce
Clerk

No. 12-50893
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RODOLFO HERNANDEZ-HERNANDEZ, also known as Rodolfo Hernandez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:12-CR-243-1

Before SMITH, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Rodolfo Hernandez-Hernandez (Hernandez) appeals the district court's decision to vary upward to a 24-month sentence of imprisonment following his guilty plea conviction for being found unlawfully present in the United States following three prior deportations.  He argues that the sentence is procedurally unreasonable because the district court relied on erroneous facts concerning his relationships with the three mothers of his five, soon to be six, children and wrongly concluded that he was not supporting any of his children.  Hernandez

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-50893

showed that the district court clearly erred in determining that Hernandez was not supporting any of his children. However, Hernandez has not disputed the findings that he had six children with three different women between 2005 and 2012 and that he owes $17,000 in past due child support for two of the children. Based on the correct factual findings, it was plausible for the court to determine that Hernandez was not abiding by his legal responsibilities to provide financial support for some of his children. *See United States v Puige-Infante*, 19 F.3d 929, 942 (5th Cir. 1994). Thus, Hernandez has failed to demonstrate that the sentence was procedurally unreasonable. *See United States v. Castillo*, 430 F.3d 230, 238-39 (5th Cir. 2005).

Hernandez's argument that the variance was substantively unreasonable is not supported by the record because the district court properly considered the 18 U.S.C. § 3553(a) factors, including the nature and circumstances of Hernandez's offense of illegal reentry and his history of repetitive illegal reentries and failure to abide by child support orders that showed his lack of respect for the law and the need to deter him from continuing the illegal activities. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The extent of the variance is reasonable given that this court has affirmed substantial variances in other cases. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 805-07 (5th Cir. 2008); *United States v. Brantley*, 537 F.3d 347, 350 (5th Cir. 2008).

AFFIRMED.